UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANITRA JENKINS,                                    Case No. 15-CV-1981 (PAM/FLN)

               Petitioner,

v.                                                 REPORT AND RECOMMENDATION

JULIE NICKLIN,

               Respondent.

---

Petitioner Anitra Jenkins, a prisoner at the Federal Correctional Institution in Waseca, Minnesota, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In her habeas petition, Jenkins challenges the validity of a federal conviction and sentence incurred in Texas. This Court, however, lacks jurisdiction to consider Jenkins's habeas petition, as her challenge should have been brought in a motion under 28 U.S.C. § 2255 in the district of conviction. Accordingly, this Court recommends that Jenkins's habeas petition be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

I. BACKGROUND

Jenkins was the subject of two indictments filed in the United States District Court for the Southern District of Texas in 2002 and 2003. In the first indictment, Jenkins was charged with being a felon in possession of a firearm. *See United States v. Jenkins*, No. 6:03-cr-00075-1

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Jenkins seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

(S.D. Tex. filed Dec. 11, 2002).  In the second indictment, Jenkins was charged with bank robbery and knowingly possessing of a firearm in furtherance of that bank robbery.  *See United States v. Jenkins*, No. 6:03-cr-00050-1 (S.D. Tex. filed Aug. 1, 2003).  Jenkins pleaded guilty to all three counts.  As a result, she was sentenced to a 178-month term of imprisonment on the bank robbery charge, a concurrent 120-month term of imprisonment on the charge of being a felon in possession of a firearm, and a consecutive 84-month term of imprisonment on the charge of knowingly possessing a firearm in furtherance of a crime of violence.  The convictions and sentences were affirmed on appeal.  *See United States v. Jenkins*, 144 Fed. App'x 418, 418 (5th Cir. 2005) (per curiam).

Jenkins has since filed at least two motions for relief under § 2255 in the Southern District of Texas.  In her first motion, Jenkins claimed (1) that her guilty plea was not voluntary, as she did not understand the nature of the charges against her; (2) that the government committed prosecutorial misconduct in several respects; (3) that her counsel provided ineffective assistance by failing to raise the issue of her substantial assistance to the government at sentencing; (4) that the government failed to honor the plea agreement by not recommending a reduced sentence on account of her cooperation; and (5) that the sentencing court should not have found that the career-offender enhancement applied under the United States Sentencing Guidelines.  This motion was denied on the merits.  *See Jenkins*, No. 6:03-cr-0075-1, ECF No. 75 (S.D. Tex. Nov. 19, 2008).

Jenkins second motion under § 2255 claimed that the Supreme Court's then-recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), entitled her to relief.  This motion

too was denied, as the sentencing court found that *Alleyne* was not made retroactive to cases on

collateral review.  *See Jenkins*, No. 6:03-cr-0075-1, ECF No. 78 (S.D. Tex. Sept. 24, 2013).

Jenkins has now filed a petition for a writ of habeas corpus in this District.  Jenkins's

petition is somewhat unfocused, raising several challenges to her convictions and sentences in a

haphazard fashion.  Specifically, Jenkins contends in her petition that her convictions or

sentences were invalid in the following respects:

First, Jenkins renews her arguments that the sentencing court incorrectly applied the

career-offender enhancement, because that court incorrectly counted state convictions and

juvenile convictions towards that enhancement.  *See* Petition at 2, 4 [ECF No. 1].

Second, Jenkins argues that her simultaneous convictions for being a felon in possession

of a firearm and for possessing a firearm in furtherance of a crime of violence constituted

"double counting" of the same offense.  *Id*. at 3.

Third, Jenkins argues that her right to a jury trial was violated when the sentencing court

found certain facts at sentencing which enhanced her recommended imprisonment range under

the Sentencing Guidelines.  *Id*. at 4.

Fourth, Jenkins denies that she ever admitted to possessing a firearm and therefore should

not have been convicted of that offense.  *Id*. at 5.

## II.  ANALYSIS

"A federal inmate generally must challenge a conviction or sentence through a § 2255

motion."  *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted).

Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must

generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in

a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention.  *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").; *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

Jenkins acknowledges that she is challenging the validity of her conviction and sentence. *See* ECF No. 1-2 at 1.  She also acknowledges that, generally speaking, such a challenge must be raised through a motion brought under § 2255.  *See* Petition at 2-3.  Nevertheless, Jenkins argues that § 2255 is inadequate or ineffective in this case, and she urges that this Court consider the merits of her habeas petition.

The Supreme Court has not adopted a specific test for when a prisoner may invoke the savings clause, but several circuit courts have established such tests.  Those tests almost always require that, where a petitioner seeks to invoke the savings clause, the petitioner must show (among other things) that she seeks to apply (1) a new rule of law that (2) has been found to apply retroactively.  *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013) (requiring that the petitioner establish that "the new rule . . . applies

-4-

retroactively on collateral review . . . ."); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("The standards that these courts have articulated for the savings clause may not be framed in identical terms, but the following basic features are evident in most formulations: actual innocence and retroactivity."); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (noting the "obvious" qualification that "the change of law has to have been made retroactive by the Supreme Court" for the savings clause to apply). Although the Eighth Circuit has not itself set forth a specific test as to when the savings clause should apply, it has indicated that § 2255 cannot be deemed inadequate or ineffective where the new rule from which the petitioner seeks to obtain relief does not apply retroactively. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002). The Eighth Circuit has also made clear that "the Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction."[2] *Abdullah*, 392 F.3d at 963.

Applying those principles to this case, it is clear that Jenkins may not avail herself of the savings clause. None of Jenkins's claims are premised on a new rule of law made retroactive on collateral review. The vast majority of Jenkins's claims could have been raised in her initial motion for relief under § 2255. For example, nothing would have prevented Jenkins from

---

[2]If a petitioner failed to raise a claim in a prior § 2255 petition, she may not then present her claim under § 2241 in order to circumvent the limitations on second or successive § 2255 petitions. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."); *see also United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citing *In re Davenport*, 147 F.3d at 608 ("[I]t can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241 . . . .")). As mentioned above, Jenkins has already moved twice for relief under § 2255.

arguing that she did not in fact plead guilty to possessing a firearm, or that her Texas convictions were duplicative, or that the Sentencing Guidelines were misapplied. (Indeed, many of these and similar claims were raised either in her direct appeal or under § 2255 and were rejected on the merits.)

Jenkins's only claim that could even *arguably* be found to be based on a new rule of law is her argument, citing *Alleyne*, that the sentencing court overstepped its authority to find facts relevant to her sentence. But there is abundant authority on which this Court can reasonably conclude that the Eighth Circuit would find that *Alleyne* is not retroactive to cases on collateral review, as *Alleyne* is explicitly an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *see Alleyne*, 133 S. Ct. at 2163, and "the Eighth Circuit has consistently held that *Apprendi* and its progeny are not rules of watershed magnitude and has declined to apply those cases retroactively." *Burton v. Fabian*, 612 F.3d 1003, 1010 n.4 (8th Cir. 2010). Further, each of the courts to have considered the specific question has found — as the sentencing court in this case found — that *Alleyne* does not have retroactive effect. *See, e.g.*, *Butterworth v. United States*, 775 F.3d 459, 465-68 (1st Cir. 2015); *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Willis v. United States*, No. 13-CV-2059 (JNE/JSM), 2014 WL 3384678, at *5 (D. Minn. July 10, 2014).

In sum: Because no new rule of law applies in this case, Jenkins may not avail herself of the savings clause. Accordingly, this Court lacks jurisdiction to consider Jenkins's habeas petition. This Court therefore recommends that Jenkins's habeas petition be denied, and that this action be dismissed without prejudice for lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.     Petitioner Anitra Jenkins's petition for a writ of habeas corpus [ECF No. 1] be

DENIED.

2.     This action be DISMISSED WITHOUT PREJUDICE FOR LACK OF

JURISDICTION.

3.     Jenkins's motion to appoint counsel [ECF No. 2] be DENIED AS MOOT.


Dated: May 6, 2015                          _s/Franklin L. Noel_____
                                            Franklin L. Noel
                                            United States Magistrate Judge


**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 21, 2015, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.